UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MARTIN E. SANCHEZ,
and other similarly situated individuals,

    Plaintiff (s)

v.

EVENT EFFECTS GROUP, LLC, and
MITCH AMSTERDAM, individually,

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARTIN E. SANCHEZ, by and through the undersigned counsel, and hereby sues Defendants EVENT EFFECTS GROUP, LLC, and MITCH AMSTERDAM, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff MARTIN E. SANCHEZ is a resident of Dade County, who worked in Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant EVENT EFFECTS GROUP, LLC (hereinafter EVENT EFFECTS GROUP, or Defendant) is a Florida corporation that has a place of business within the

jurisdiction of this Court. At all times, the Defendant was and is engaged in interstate commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendant MITCH AMSTERDAM was and is now, the owner/officer and manager of Defendant Corporation EVENT EFFECTS GROUP. Defendant MITCH AMSTERDAM is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after December 2018, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant EVENT EFFECTS GROUP is a full-service production company handling the logistics of all kinds of events including the rental of sound and lighting equipment, décor, and furniture.

8. Defendants have warehousing facilities located at 2801 NW 55 Ct. Fort Lauderdale, FL, 33309, where Plaintiff worked.

9. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM employed Plaintiff MARTIN E. SANCHEZ as a non-exempted, full-time, from on or about December 01, 2018, through approximately March 15, 2020, or 67 weeks. However, for FLSA's purposes, Plaintiff's relevant time of employment is 61 weeks. (Plaintiff did not work overtime hours for approximately 6 weeks during the summer of 2019).

10. Plaintiff had duties as a lighting technician, driver, and warehouse employee. Plaintiff was paid at the wage rate of $18.00.00 an hour.

11. During his relevant employment period with the Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 6 or more days, day and night shifts, an average of 85 hours per week. Plaintiff was not able to take bonafide lunch periods.

12. Plaintiff worked more than 40 hours every week, but he was not paid for all his working hours. Plaintiff was paid an average of 66 hours weekly, at his regular wage-rate. Plaintiff was paid for part of his overtime hours at his regular rate. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

13. Plaintiff clocked in and out, the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly with checks without any paystubs showing the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

16. Plaintiff did not agree with the number of hours paid to him, and he complained numerous times. Plaintiff alleges that Defendants manipulated time-records to reflect fewer hours worked every week.

17. On or about March 15, 2020, Defendants sent Plaintiff home and told him, that there was not more work for him.

18. Plaintiff does not have time and payment records, but he is going to provide a good faith estimate of unpaid overtime hours based on an average of 85 hours weekly. Upon discovery, Plaintiff is going to amend his Statement of Claim accordingly.

19. Plaintiff MARTIN E. SANCHEZ seeks to recover half-time overtime wages for every overtime hour that was paid to him at his regular rate; overtime hours at the rate of time and one-half his regular rate, for all the hours that were not paid to him at any rate, during all his period of employment with Defendants, liquidated damages, attorney fees, and any other relief as allowable by law.

Additionally, Plaintiff demands the reimbursement of $750.00 that was deducted from his wages to cover the costs of an accident that Plaintiff had while parking the Company's truck at Defendants' warehouse.  Plaintiff also demands the reimbursement of $500.00, for the purchase of some tools that he was required to buy, and that Defendants retained.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff MARTIN E. SANCHEZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly-situated to recover from the Employers EVENT EFFECTS GROUP unpaid overtime compensation, as well as an

additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

22. At all times pertinent to this Complaint, Defendant EVENT EFFECTS GROUP was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a business performing as a production company for residential and corporate events that rents sound and lighting equipment, décor, and furniture. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and

materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

24. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM employed Plaintiff MARTIN E. SANCHEZ as a non-exempted, full-time, from on or about December 01, 2018, through approximately March 15, 2020, or 67 weeks. However, for FLSA's purposes, Plaintiff's relevant time of employment is 61 weeks. Plaintiff did not work overtime hours for approximately 6 weeks during the summer of 2019.

25. Plaintiff had duties as a lighting technician, driver, and warehouse employee. Plaintiff was paid at the wage rate of $18.00.00 an hour.

26. During his relevant employment period with the Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 6 or more days, an average of 85 hours per week. Plaintiff was not able to take bonafide lunch periods.

27. Plaintiff worked more than 40 hours every week, but he was not paid for all his working hours. Plaintiff was paid an average of 66 hours weekly, at his regular wage-rate. Thus, Plaintiff was paid for part of his overtime hours at his regular rate. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

28. Plaintiff clocked in and out, and the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid bi-weekly with checks without any paystubs showing the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff MARTIN E. SANCHEZ, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

34. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of allegedly unpaid overtime wages</u>:

        Forty-Five Thousand Five Hundred Sixty-Seven Dollars and 00/100 ($45,567.00)

    b. <u>Calculation of such wages</u>:

        Total time of employment: 67 weeks
        Total relevant period of employment: 61 weeks
        Total number of hours worked:  85 hours weekly
        Total number of O/T hours: 45 O/T hours
        Total number of paid overtime:  26 O/T hours average paid at regular rate.
        Total number of O/T hours paid at $0.00= $19 O/T hours
        Regular rate: $18.00 an hour x 1.5=$27.00 O/T rate

   O/T rate: $27.00 - $18.00 rate paid=$9.00 Half-time difference
   Half-time: $9.00

### 1.- Half-time overtime for 26 O/T hours paid at regular rate

Total number of hours worked: 85 hours weekly
Total number of O/T hours: 45 O/T hours
Total number of paid O/T hours: 26 O/T hours paid at regular rate
Regular rate: $18 an hour x 1.5=$27.00
O/T rate: $27.00 an hour-$18.00 O/T rate paid=$9.00 half-time difference

Half-time diff. $9.00 x 26 O/T hours=$234.00 weekly x 61 weeks=$14,274.00

### 2.- Overtime for 19 O/T hours paid at $0.00

Total number of hours worked: 85weekly
Total number of O/T hours: 45 O/T hours
Total number of unpaid O/T hours: 19 O/T hours paid at $0.00
Regular rate: $18 an hour x 1.5=$27.00 O/T rate

O/T rate: $27.00 an hour x 19 O/T hours=$513.00 weekly x 61 weeks=$31,293.00

Total #1 and #2: $45,567.00

 c. Nature of wages (e.g. overtime or straight time):

  This amount represents the unpaid half-time overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime

wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At the times mentioned, the individual Defendant MITCH AMSTERDAM was the owner and manager of EVENT EFFECTS GROUP. Defendant MITCH AMSTERDAM was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EVENT EFFECTS GROUP concerning their employees, including Plaintiff and others similarly situated. Defendant MITCH AMSTERDAM had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

39. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARTIN E. SANCHEZ and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARTIN E. SANCHEZ and other similarly situated and against the Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARTIN E. SANCHEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: December 16, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*